BENJAMIN DRAPER *et al.*, plaintiffs in error *v.* ROBERT McFAR-
LAND, defendant in error.

### *Error to Madison.*

Fraud does not descend to one's heirs, unless connected with some property which
    descended to them, the title of which is tainted with the fraud.

Where, in a bill in chancery to set aside a deed on the ground of fraud, persons
    were made parties who, although heirs of the grantor, never pretended to have
    any title to, or interest in the premises conveyed by such deed, and were stran-
    gers to the whole transaction, it was *held*, that any decree against them was
    erroneous.

BILL IN CHANCERY, filed in the Greene Circuit Court, some
time in the year 1836, by Robert McFarland, the defendant,
against Wm. Draper, (the ancestor of plaintiffs,) John Dra-
per, Wm. Barnhart, John Barnhart and the representatives
of James Mason, then deceased, for the purpose of obtaining
title to a certain eighty acre tract of land in Greene County,
and alleging, that in January, 1836, the said McFarland had
purchased the said land of the said Wm. Barnhart; that the
said Wm. Barnhart had purchased the same of the said Wm.
Draper, and was entitled to a deed therefor; that the said land
had been entered in the name of the said James Mason, by
whom it was, or should have been conveyed to the said Wm.
Draper and John Barnhart; that upon McFarland's purchas-
ing the said land of the said Wm. Barnhart, a deed was ac-
tually made by the said Wm. Draper to the said McFarland,
as had been agreed; that the said deed was left with the said
John Draper, a justice of the peace, to be acknowledged,
and to procure from Judah Draper, wife of the said Wm. Dra-
per, a relinquishment of her dower; and that afterwards, by
fraudulent arrangement between the said Drapers and Barn-
harts, said deed was destroyed, and another deed executed
and delivered to Joseph Barnhart, James Barnhart, Van Ren-
sellaer Barnhart, and Silas Franklin Barnhart, infant children
of the said John Barnhart. The bill prays that the said last
mentioned deed be canceled, and the original conveyance to
the said McFarland be set up and confirmed.

An amended bill makes the said children of the said John Barnhart, parties.

The said Wm. Draper answers that some time in 1830, the said James Mason, at the request of the said Draper, entered in the land office of the United States, the land in controversy, and also another tract in section eighteen; that the said Draper was to pay the said Mason $145 for each of the said tracts, and gave his notes accordingly; that said Draper obtained the entry of the said tract in section eighteen, for his own use; but that he agreed with the said John Barnhart, that, upon his the said Barnhart, paying the said Mason the price of one of the said tracts, the land in controversy should be conveyed by Mason to him; that the said John Barnhart furnished money to pay for one of the said tracts accordingly; that said Mason, upon receiving payment, assigned the said certificate for section eighteen to the said Wm. Draper, and the other certificate, (by arrangement between the said Mason and the said John Barnhart, and with which arrangement the said Draper had no agency or interest,) was assigned to the said Van Rensellaer and Silas Barnhart, (children of the said John;) that said certificates and assignments were forwarded to Washington; but Patents had already issued to the said Mason; that Mason, upon the application of the said Draper for deeds, refused to make *two* deeds, on account of the expense, and hence a deed for both tracts was made to the said Draper. This arrangement was made with the consent of the said Barnhart, and with the understanding that the said Draper should convey to those to whom the certificate had been assigned; that afterwards, the said Barnhart requested the deed to be made to his said *four* children, which was done.

The said respondent then avers that he "*had no interest whatever in the land after the money was paid to Mason. He received the deed from Mason, and executed the other deed, as a matter of accommodation to those whom he supposed most interested.*"

The answer denies having ever made any deed to the said Wm. Barnhart, or being bound to do so, or ever having received any money for that purpose.

The said Draper in conclusion, "disclaims all interest in this suit, and all claim to the land;" avers that "the title has long since passed from him;" denies all fraud, and prays to be dismissed, &c.

The representatives of said James Mason disclaim, and at the instance of complainant's solicitor, bill is dismissed as to them.

In August, 1840, the record comes by change of venue to Madison county.

At the April term, A. D. 1841, complainant suggests the death of the said Wm. Draper, and obtains leave to file an amended bill, making parties, James Rogers, guardian of the said children of John Barnhart, Judah Draper, widow of the said Wm. Draper, John F. Draper, Benjamin Draper, Linder Draper, Wm. M. Draper, Larkin Anderson, Sarah his wife, and Wm. Clifton, and Mary his wife, heirs at law of the said Wm. Draper, deceased.

On the 3d day of May, 1841, was filed the last amended bill in this cause.

This amended bill is substantially the same as the original bill, except that it makes the additional parties aforesaid, and charges that *James Rogers, guardian, &c., dispossessed the said McFarland in 1838, and has since been in exclusive possession of the said land, and received the rents and profits thereof.*

It also charges that the original fraud was committed by and between the said Wm. Draper and Judah his wife, John Barnhart, Wm. Barnhart, and John F. Draper.

Judah Draper answers generally the facts set up by her husband in his lifetime, disclaims all interest, &c., and denies all fraud and combination.

James Rogers, guardian, &c. answers; but as he is not one of the plaintiffs in error, his answer is not deemed material.

Benjamin Draper, Josia. J. Draper, and Wm. M. Draper, the plaintiffs in error, answer jointly, stating generally the facts as contained in the answer of their ancestor, Wm. Draper, deceased. State that the only interest ever possessed by them in the land was such as exhibited by them in their

answer, and *"expressly deny that they* (or either of them) *ever had, or now,"* (at the time of filing their said answer,) *"have any interest whatever in and to the said tract of land either in law or equity,"* and deny all fraud or combination, &c., and pray to be dismissed.

Larkin Anderson answers in the same manner, and disclaims almost in the same words.

Wm. Barnhart answers favorably to the suit of the complainant.

John F. Draper answers, denying generally the facts charged in the bill.

To all the answers except that of Wm. Barnhart, there are replications.

The case came on to be heard upon bill, answers, exhibits, depositions and argument of counsel, at the May term 1843, before the Hon. James Semple, and thereupon the Court not being sufficiently advised, directed an issue, "to try the fact of the execution of the deed from Wm. Draper to the said Wm. Barnhart, as is alleged in said bill, for a valuable consideration, and the subsequent destruction thereof by the said Wm. Draper;" which issue was tried by the jury, found for said McFarland, and so certified to the Court. And thereupon the Court entered the final decree in the case, of which the following is the substance.

1. The decree recites what is taken to be the substance of the pleadings.

2. The report of the master, to whom the matter had been referred, that the premises had been in the possession of the said James Roges, guardian, &c; that from fifteen to twenty acres had been cultivated, and that a fair price would be $1·75 per acre per year.

3. The title is confirmed in the said McFarland.

4. That the said McFarland recover of and from the said Judah Draper, John F. Draper, Benjamin Draper, Josiah L. Draper, Wm. M. Draper, Larkin Anderson, and Sarah his wife, Wm. Clifton, and Mary his wife, heirs at law of the said Wm. Draper, deceased, and of the said James Rogers, guardian, &c., the sum of $173·25, for rents and profits of the said

premises, to be levied of the goods and chattels, lands and tenements come to them of the said Wm. Draper, if any, and if none be found, then of their own proper goods, chattels, lands and tenements.

5. And that the said McFarland recover of and from the said last named defendants, his cost and charges, as well upon the original as upon the amended bills, and have execution therefor.

The writ of error is sued out by the said Benjamin Draper, Josiah Linder Draper, Wm. M. Draper, Larkin Anderson, and Sarah his wife.

The errors assigned are:

1. That they are charged personally with all the costs in the case.

2. That they are charged personally with the rents and profits, the possession having been proved to have been in James Rogers.

3. That the *estate* of the said Wm. Draper, deceased, is charged with said rents.

4. That the decree is inconsistent and not warranted by the pleadings in the case.

5. That said decree is against law and equity.

*N. D. Strong & J. Hall,* for the plaintiffs in error.

*J. A. McDougall,* and *S. T. Sawyer,* for the defendant in error.

The Opinion of the Court was delivered by

CATON, J. William Draper, who held the legal title to the premises in question in trust for McFarland, the complainant, fraudulently conveyed it to the four infant children of John Barnhart. For the purpose of setting aside this deed, and obtaining the legal title in himself, this bill was filed by said complainant, making Draper and his grantees, defendants, together with many other persons, whose names or connection with the transaction, it is unnecessary to state. Pending this suit, William Draper died, and, by a supplemental bill, his

widow and heirs were made defendants, together with Rogers, who was the guardian of the infant heirs of John Barnhart, to whom Draper had conveyed the legal title, who, as such guardian, while they held that title, received one hundred seventy three dollars and twenty five cents of the rents and profits of the land.

The decree below secures to the complainant the title to the land, and, among other things, directs that the said guardian of the infant heirs of John Barnhart, and the said widow and heirs of William Draper, shall pay to the said complainant the said sum of one hundred seventy three dollars and twenty five cents, to be made of the estate of the said William Draper, which has come to their hands, if any, and if none, then to be made of their and the said guardian's proper goods and chattels, lands and tenements, and that they pay all the costs, for which execution is awarded.

This writ of error was sued out by four of the said heirs of William Draper, and this portion of the decree, as to them, is assigned for error, and it is undoubtedly well assigned.

It is unnecessary to inquire whether the imputations of fraud against William Draper were of such a character as to have made him a proper party, and to have authorized any decree against him; but so far as his heirs were concerned, with him the fraud died, unless it descended to them with some property, the title to which was tainted with the fraud. Such was not the case here. Nothing appears in the pleadings, showing that any thing descended from their ancestor to these plaintiffs, and certainly not the title to this land, for the complaint is not that he acquired the title improperly, but that he parted with it fraudulently. These plaintiffs have had nothing to do with any part of the transaction. William Draper was a trustee, and when he conveyed the title fraudulently, his grantees became trustees in his stead, and against them and not against strangers should the *cestui que trust* have sought for redress. The plaintiffs here never pretended to have any title to, or interest in the premises, and to the whole transaction were they entire strangers. Nor did they or any one for them, receive any of the rents and profits of

the land, but they went into the hands of Rogers, the guardian of the infant heirs of John Barnhart, who held the legal title, and I presume it was against them that this part of the decree was intended to have been made, instead of the heirs of William Draper, whose names must have been inserted through mistake. Whether such a decree against the heirs of Barnhart would have been proper, it is unnecessary now to say; but there would certainly have been much more propriety in it, than in the decree which was made against the heirs of Draper.

An objection was made on the argument, that the record is not complete, all of the evidence being omitted. That was entirely unnecessary, because the bill shows no ground for relief against the plaintiffs here. If all of the evidence were here, and we should see that the complainant was entitled to any relief against any of the other defendants below, which the decree does not give him, still we could not reform the decree as against them, for they are not before us. Had the complainant been dissatisfied with any portion of the decree, he might also have brought a writ of error, and brought those defendants in; and he may probably do so yet, should he think proper.

So much of the decree of the Court below as is against these plaintiffs must be reversed, and, as to them, the bill dismissed with costs.

*Decree reversed.*